CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL MU'MIN ibn<br>RICHARD WALLACE MARRON, SR., | ) <br> ) | CASE NO. 7:19CV00194 |
| Plaintiff, | ) ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARKE, ET AL., | ) ) ) | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Defendants. | ) | |

Abdul Mu'min ("Mu'min"), a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He alleges that during his years in prison, the defendants have engaged in "a systematic conspiracy to endanger [his] life [and] health," to retaliate against him because he is a "white Muslim." Compl. 2, ECF No. 1. He also claims that because of his Muslim religion, the defendants require him to trim his beard and forego circumcision, in violation of his religious beliefs. After review of the record, the court concludes that Mu'min's action is appropriately dismissed without prejudice for failure to state a claim.

I.

Mu'min's "Claim #1" complains, in general terms, that while in the custody of the Virginia Department of Corrections ("VDOC"), he has experienced "overcrowding and inadequate medical care, mental health care, safety & security!" Compl. 2, ECF No. 1. Mu'min alleges that Clarke and another individual who is not named as a defendant are "involved directly & indirectly . . . because it was their policy corruption that caused the circumstances of suffering which continues and [Mu'min] personally wrote letters to their office, as well as [his] mother emailing their office,

yet they ignored helping." Id. Mu'min contends that others conspired to "endanger" his life and health and to "retaliate against [him] because [he is] a white Muslim." Id.

In Claim #1, Mu'min also lists his many physical maladies, alleges that he has been denied "Scans" and charged copays for ineffective care, and complains that soy products in his Common Fare meals aggravate his acid reflux and hernia. Id. at 2-3. Conspirators allegedly set an "agenda" forcing Mu'min "to live with other dangerous inmates," denying his request to be moved, and placing him in disciplinary segregation if he acted to protect himself. Id. at 3. Staff allegedly destroyed Mu'min's property items and denied him prison jobs because he is Muslim. Allegedly, water restrictions limit the hours when inmates' toilets may be flushed and restrict their use of the telephones and "kiosk." Id. at 4.

Mu'min's Claim #2 declares that the defendants "target" him as a white Muslim. They make trim his beard, although Muslim men are commanded not to do so. Mu'min is also allegedly "denied [his] religious commands to circumcise" himself. Id. at 5.

In the heading of his § 1983 complaint, Mu'min names as defendants only Harold Clarke and Mr. Manetta. As relief in the lawsuit, he seeks a hearing, release from prison, and punitive damages.

## II.

The court is required to dismiss a complaint filed by a prisoner against a governmental entity or officer if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To survive screening under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] pleading that offers labels

2

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

Mu'min's complaint is constructed almost entirely of such naked assertions and labels with no particularized facts to support them. He alleges being denied adequate medical and mental health care, but without providing a description of what symptoms he had or when, what requests he made to the defendants for medical attention and the response he received, or what injury resulted, if any, from the defendants' actions or inactions. Mu'min claims he has been confined under unsafe conditions at times. He does not provide details about what circumstances caused him to believe he was not safe in a particular housing assignment, when they occurred, how he notified the defendants of the problem, or what responses they gave. The stack of documentation that Mu'min submitted with the complaint (copies of administrative remedy forms, medical records, etc.) may include some details about these topics. The court will not dig through these hundreds of submissions, however, to build Mu'min's factual allegations for him, nor will the court require defendants to do so. Under the Federal Rules of Civil Procedure, the facts in support of a plaintiff's claims must be included in the complaint itself. See Fed. R. Civ. P. 8, 10.

Moreover, a § 1983 claim requires factual detail about each defendant's personal involvement. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). While the two individuals Mu'min identifies as defendants (Clarke and Manetta) may be persons, the complaint does not describe any action that either defendant took, personally, or any policy for which either of them is responsible, that caused Mu'min to be deprived of adequate medical care or safety. Moreover, supervisory defendants like Clarke cannot be held vicariously liable for constitutional violations committed by their

3

subordinates. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Because Mu'min does not state facts showing any personal involvement by the named defendants in the alleged violations of his rights, his complaint does not state any § 1983 claim against them.

Furthermore, Mu'min cannot tie his many complaints into one § 1983 lawsuit using the labels of conspiracy, retaliation, or race discrimination. To establish a civil conspiracy claim actionable under § 1983, a plaintiff must demonstrate that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy," resulting in deprivation of a federal right. Glassman v. Arlington Cnty., Va., 628 F.3d 140, 150 (4th Cir. 2010). Mu'min's petition simply asserts, without facts in support, that prison officials conspired to deprive him of medical attention and safety. A conspiracy claim cannot arise on such "rank speculation and conjecture," based on nothing more than a sequence of events. Hinkle v. City of Clarksburg, 81 F.3d 416, 422 (4th Cir. 1996). Mu'min's claims of retaliation and discrimination are similarly deficient for lack of factual support. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (dismissing § 1983 claim because "plaintiff's complaint failed to contain any factual allegations tending to support his bare assertion" of retaliatory motive); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974) (holding that merely conclusory allegations of discrimination are insufficient to state equal protection claim).

For these reasons, the court concludes that Mu'min's submissions do not state any claim upon which relief could be granted against the only two defendants he has identified in the heading of his complaint. Therefore, the court will summarily dismss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Mu'min free to

4

refile his claims in a new and separate civil action if he can correct the deficiencies described this opinion.[1]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 2nd day of July, 2019.

                                                     /s/ Judge's Signature
                                                     Senior United States District Judge

---

[1] Mu'min's present complaint is not consistent with Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) only allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added). Fed. R. Civ. P. 18. On the other hand, Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence or series thereof and contain a question of fact or law common to all the defendants. See Fed. R. Civ. P. 20. Thus, if the claims arise out of different transactions over several years in various places, and do not involve all defendants, joinder of the claims in one lawsuit is not appropriate. If Mu'min wishes to refile any of his claims, he must bring only properly joined claims in a single lawsuit. For example, Mu'min may not properly raise his religious rights claims in the same lawsuit as his claims about medical care or prison safety. He may, however, file such claims in separate lawsuits—provided that each complaint includes only claims properly joined under Rules 18 and 20.